ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

2010 DEC -2  PM 3: 15

DEPUTY CLERK _____

| | | |
|---|---|---|
| HILTON JACKSON, | § | |
| | § | CIVIL ACTION NO: _____ |
| PLAINTIFF, | § | |
| V. | § | **3-10CV2452-P** |
| | § | |
| UT SOUTHWESTERN HEALTH | § | |
| SYSTEM A/K/A UN IVERSITY OF | § | **JURY TRIAL DEMANDED** |
| TEXAS SOUTHWESTERN MEDICAL | § | |
| CENTER AT DALLAS | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Hilton Jackson (hereinafter "Jackson" or "Plaintiff") and files this Original Complaint and Jury Demand complaining of UT Southwestern Health system a/k/a University of Texas Southwestern Medical Center at Dallas ("Defendant"), and for cause of action would respectfully show as follows:

### JURISDICTION AND VENUE

1.    Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiff's federal claims under the laws of the United States of America, in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U.S.C. §§1981, 1983, and 1988. This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties. Plaintiff is also seeking equitable and injunctive relief.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) inasmuch as a substantial portion of the events and omissions giving rise to Plaintiff's causes of action occurred in Dallas County, where Defendant does business.

## PARTIES

3.     Plaintiff is an individual who resides in Arlington, Tarrant County, Texas.

4.     Defendant UT Southwestern Medical Center a/k/a University of Texas Southwestern Medical Center at Dallas is a Texas corporation with its principal place of business at 5323 Harry Hines Blvd, Dallas, Texas 75390.  Defendant may be served through its registered agent for service of process, Willis C. Maddrey, by serving him at 5323 Harry Hines Blvd, Dallas Texas 75390 or wherever he may be found.

## ADMINISTRATIVE PROCEDURES

5.     Plaintiff timely filed a charge of discrimination, retaliation, wrongful discharge, etc. with the United States Equal Employment Opportunity Commission and the Texas Workforce Commission, Civil Rights Division within 180 days of the act or occurrence. Plaintiff received a Notice of Right to File a Civil Action on or about September 3, 2010, and is filing this suit within 90 days of receiving such notice.

6.     The Notice of Right to File a Civil Action is attached hereto as Exhibit "A".

## RESPONDENT SUPERIOR/AGENCY

7.     Whenever in this complaint it is alleged that Defendant did or failed to do any particular act and/or omission, it is meant that Defendant, acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his/her employment, agency, or contract with

Defendant, and in the furtherance of Defendant's business.  It is further alleged that any individual Defendant named herein, if any, was an agent acting in the course and scope of his or her agency during the transaction that is the subject of this case with the actual and apparent authority of his principal.

## FACTS

8.     This case arises out of Plaintiff's employment with the UT Southwestern Medical Center a/k/a University of Texas Southwestern Medical Center at Dallas.

9.     In or about December 1, 2008, Plaintiff, an African-American male, was hired by Defendant as a Reimbursement Manager in the Ophthalmology Department.  All the work Plaintiff did during his tenure with Defendant was solely for the benefit of Defendant and for no other purpose.

10.     As part of his arrangement with Defendant, Plaintiff agreed to work with Defendant in exchange for certain monetary and other obligations on the part of Defendant.

11.     During Plaintiff's tenure as a manager, no complaints of inappropriate behavior were made by any other employee, nor has Plaintiff ever been reprimanded for unprofessional behavior as a manager for Defendant.

12.     On or about May 26, 2009, Plaintiff completed a course in "Conflict Management" and was presented an award by Defendant on that same day.  On or about June 17, 2009, Plaintiff successfully completed "Hiring Winning Talent" and Defendant provided Plaintiff an award recognizing his accomplishment.

13.     As Reimbursement Manager, Plaintiff was responsible for the day to day activities and operations in the Billing Department, which included managing as many as eighteen people.  At no time during his tenure with Defendant did Plaintiff receive any

reprimands, poor performance evaluations or any complaints of sexual harassment.

14.     In an August, 3, 2010 email to Lela Terri Whitehead ("Whitehead"), Plaintiff informed her that her performance was not up to par and that he did not know how things had gotten off track.  He additionally informed Whitehead of her excessive talking and visiting with co-workers and that this activity needed to stop.

15.     Plaintiff had counseled Whitehead regarding her lack of productivity and her failure to be accountable for performing her daily job functions.

16.     In response to Plaintiff's August 3, 2010 email advising her of what needed to be done to be effective on the job, Whitehead disregarded Plaintiff's instructions and advised him how she was going to do the job.  Whitehead clearly admitted in her written statement to Defendant, that Plaintiff had made complaints regarding her work product.

17.     Additionally, instead of discussing Plaintiff's concerns with him and taking heed to his advice, Whitehead went to Plaintiff's superior and lodged a complaint, which included allegations of sexual harassment.  This was the first time Plaintiff had ever been accused of sexual harassment.

18.     As additional vengeance, Whitehead made allegations that Plaintiff made inappropriate remarks and physical contact with her, Teresa Grant ("Grant") and Angela Smith ("Smith"), allegations that Plaintiff denies in their entirety.

19.     On or about August 5, 2010, Whitehead met with manager Cheryl Formes and accused Jackson of inappropriate behavior during a time span from March 2009 to August 2010. Ms. Whitehead alleged that Plaintiff made unwanted remarks toward her and inappropriately touched her hair, patted her shoulder, rubbed her hands and asked for a hug or a kiss, allegations that Plaintiff denies in their entirety.

20.     Defendant's employee Smith also alleged that Plaintiff pinched her on the arm, touched her on the back and asked if she needed a hug on several occasions beginning in September 2009.   Grant further alleges that Plaintiff stated "You can call me Daddy" in an incident regarding purchasing Father's day gifts.

21.     Defendant's  Smith falsely alleged that Plaintiff touched her on several occasions and that she repeatedly asked Plaintiff not to touch her in that manner.  Smith further states she introduced Plaintiff to her husband to "discourage him from further touching."

22.     Plaintiff would show that Ms. Whitehead, Smith and Grant, all of whom are friends, brought these false allegations against him in retribution for Whitehead being reprimanded by Jackson on various occasions for her poor work performance and unprofessional conduct.

23.     In fact, Judy Dewoody and Gregory Davis, both employees of Defendant, witnessed Ms. Whitehead's unacceptable behavior and Plaintiff being asked to provide a written reprimand for Ms. Whitehead's poor work performance.

24.     Plaintiff would further show that the allegations made by Ms. Smith and Ms. Grant are false and were made to discredit Plaintiff's character as a Manager.

25.     At no time during Plaintiff's employment with Defendant, was he notified by Human Resources or any other manager that said complaints were being made by Whitehead and Smith.  Per the statement of Ms. Smith, the alleged inappropriate behavior had taken place in March 2009, a total of sixteen (16) months before she notified anyone of her allegations.

26.     On or about August 5, 2010,  two (2) days after Whitehead received an email from Plaintiff advising her of her poor job performance and that she had been neglecting certain responsibilities, Jackson was asked to meet with Cheryl Formes, John Corkey and Vernon

Mullen, who advised him that he was being placed on administrative leave in connection with some allegations that were being made against him.  Defendant did not allow Plaintiff to explain the situation or defend himself.  Defendant simply humiliated Jackson by placing him on administrative leave for allegations of sexual harassment. The suspension and facts regarding the suspension were known by other employees.

27.    On or about August 9, 2010, Plaintiff met with Defendant's representatives during an interview process to discuss the allegations made against him.  Prior to the interview, Defendant requested that Jackson provide a list of witnesses who could testify on his behalf. Despite being provided with a list of witnesses who could corroborate Plaintiff's facts and prove his innocence, Defendant failed to conduct an investigation of the incident.

28.    On or about August 26, 2010, Plaintiff received a letter from Cheryl Formes, advising him that she would request that he be terminated as Reimbursement Manager because of inappropriate conduct.  See Intent to Terminate Employment, which is attached hereto as Exhibit "B".  This was the first time Plaintiff was made aware that any inappropriate complaints were made by employees and that the alleged misconduct had supposedly taken place over a year prior to his wrongful termination.  Plaintiff was given one day to submit a written response to the allegations and to explain why he should not be terminated.  Despite fully explaining himself and providing Defendant with a list of witnesses who would testify on his behalf, Defendant terminated Plaintiff based on the statements of three friends, without completing a thorough investigation.

29.    Plaintiff was falsely accused of harassment and inappropriate conduct in retribution for performing his duty as a manger and holding his employees accountable for their work performance.

30.    Contrary to the policy of Defendant and its agreement with Plaintiff to afford him due process by allowing him the opportunity to appeal his termination, Defendant cancelled the hearing and did not allow him or his witnessed to give testimony and upheld the termination.  As a result, Defendant breached its agreement with Plaintiff to provide him with an opportunity to have a hearing to appeal his wrongful termination.

31.    Plaintiff would further show that Defendant violated his rights and breached its agreement with him by canceling the appeal hearing. Defendant's policy states it is the responsibility of the disciplined employee to contact his witnesses for the hearing, which was the intent of the letter sent by Plaintiff's counsel to witnesses. Despite following the proper procedure, Defendant cancelled the hearing.

32.    After going through the EEOC process and exhausting administrative remedies, Plaintiff was provided with a right to sue letter.  All conditions precedent to Plaintiff maintaining this civil action have accrued, occurred, or been waived.

### NATURE OF THE ACTION AND RELIEF SOUGHT

33.    This is an employment discrimination and retaliation case against Defendant alleging a continuing series of discriminatory acts against Plaintiff.  These acts include, but are not limited to: (a) retaliation for being a known and outspoken witness to acts, imputable to Defendant, of poor job performance and insubordination by employees; (b) sex discrimination for being treated less favorably than similarly situated female employees in several terms and conditions of his employment, including but not limited to, review, auditing, and discipline; (c) race discrimination for being treated less favorably than similarly situated Caucasian employees in several terms and conditions of his employment, including but not limited to, review, auditing, and discipline; and (d) retaliation by Defendant for making a significant change in Plaintiff's

employment status, such as suspension, firing, failing to promote, reassignment with significantly different responsibilities, reemployment under adverse conditions and its decision causing a significant change in benefits.

## CAUSES OF ACTION

### COUNT I:
### VIOLATION OF 42 U. S. C. §2000e-2(a)(1)

34.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated in their entirety.

35.     The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of his employment because of his race and sex.  Defendant discriminated against Plaintiff when it terminated him for being involved in alleged disputes with female employees and did not treat those employees similarly.

36.     Defendant is strictly liable for the acts and failures to act of its Supervisory personnel who treated the Plaintiff less favorable than white employees and less favorable than female employees.

37.     The acts and failures of Defendant to act constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(1).

### COUNT II:
### VIOLATION OF 42 U. S. C. §2000e-2(a)(2)

38.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated in their entirety.

39.     The acts and failures of Defendant to act by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities, or otherwise adversely affect his status as an employee because of his sex and race and in retaliation for reporting, and participating in the investigation of, poor job performance by his staff members.

40.     Defendant further limited and deprived Plaintiff of employment opportunities and adversely affected his status as an employee when they placed him on administrative leave and impose mandatory, demeaning and an unnecessary requirement of having to write a letter in his defense and providing a list of witnesses who could testify on his behalf as a condition of maintaining his employment.  Defendant failed to conduct a thorough investigation and instead terminated Plaintiff.

41.     Defendant is strictly liable for the acts and failures to act of its personnel.

42.     Defendant's acts and failures to act constituted unlawful employment proscribed by 42 U. S. C. §2000e-2(a) (2).

## COUNT III
### VIOLATION OF 42 U.S.C. § 2000e-3(a)

43.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated in their entirety.

44.     Prior to his termination, Plaintiff was treated unfairly and discriminated against on the basis of his race, African-American, and gender, male, and subjected to an overall hostile environment. For example, Defendant's employees harassed Plaintiff and accused him of inappropriate conduct.  Moreover, Plaintiff's supervisors ignored his complaints regarding this

behavior and subsequently terminated him for reporting the conduct.

45.     The termination of Plaintiff by Defendant was based on his race and/or gender.

46.     At or near the time discussions were taking place regarding Plaintiff's termination, Defendant placed Plaintiff on administrative leave and insisted that Plaintiff write a letter to maintain his employment and contact witnesses to testify on his behalf.   This was demeaning and not required of similarly situated employees.

47.     This conduct constituted racial and sexual discrimination and was retaliatory in nature because it occurred after Plaintiff complained of the protected conduct.

48.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, physical injury, emotional distress and inability to enjoy life's pleasure and activities.

49.     As a further result of the acts of Defendant, Plaintiff has incurred substantial attorneys' fees and costs and will be obligated to incur such expenses in the future.

COUNT IV
PLAINTIFF'S 42 U.S.C. 1981 (14TH AMENDMENT, EQUAL PROTECTION)

50.     The allegations contained in all preceding paragraphs are incorporated hereto as if set forth fully and reiterated hereto in their entirety.

51.     The acts and failures of the Defendant to act as described herein, were intended to and did deprive the Plaintiff of the post employment protection as outlined in 42 U.S.C. §1981 and equal protection of the laws as guaranteed him by the Fourteenth Amendment to the United States Constitution.

52.     The acts and failure of the Defendant to act were proscribed by 42 U.S.C. §1981

to protect post employment discrimination which the Defendant violated when it treated the Plaintiff less favorably than similarly situated people.

COUNT V:
**DECLARATORY RELIEF – EMPLOYMENT CONDUCT**

53.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein in their entirety.

54.     The acts and failures of Defendant to act, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of his employment because of his race and sex.  Defendant discriminated against Plaintiff when it terminated him for being involved in an alleged dispute with female employees and did not treat those employees similarly.

55.     Plaintiff seeks a declaration:

a.      that the acts and/or inactions of Defendant, and all otherwise whose acts are imputable to it, constituted discrimination;

b.      that the acts referenced above were due to his race and/or sex;

c.      that he is entitled to injunctive relief, including, but not limited to, reinstatement, back pay, cleansing of any records held or generated by Defendant that contain discipline against Plaintiff for any acts of Defendant adjudicated the result of discrimination, front pay (if applicable), other undesignated compensatory damages, punitive damages and attorney's fees.

COUNT VI:
**DECLARATORY RELIEF – CONTRACT RIGHTS**

56.     Plaintiff realleges and incorporates by reference the allegations set forth in all

preceding paragraphs as if set forth fully and reiterated otherwise in their entirety

57.     Pursuant to the agreement between the parties, Defendant agreed to provide Plaintiff with certain compensation and various other benefits in exchange for Plaintiff performance of his job function in a satisfactory manner.

58.     Thus, an actual dispute or controversy exists as to whether the parties have any further obligation to each other and where the agreement allowed Defendant to terminate Plaintiff despite fully performing.

59.     A judicial declaration is therefore necessary pursuant to 28 USC Section 2201, *et seq.*, to determine the rights and obligations of the parties.

60.     Plaintiff seeks a declaration:

a.     That the contract does not allow Defendant to unilaterally terminate Plaintiff's employment;

b.     That Plaintiff is entitled to injunctive relief, including, but not limited to, reinstatement, back pay, cleansing of any records held or generated by Defendant that contain discipline against Plaintiff, front pay (if applicable), undesignated compensatory damages, punitive damages and attorney's fees.

## COUNT VII.
### BREACH OF EXPRESS CONTRACT

61.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated in their entirety.

62.     The termination of Plaintiff by Defendant was based on his race and/or gender.

63.     The termination of Plaintiff was in violation of an express contract between Defendant and Plaintiff whereby Defendant paid Plaintiff certain compensation in exchange for

performing his job in a satisfactory manner. Defendant's termination of Plaintiff constitutes a breach of this contract.

64.     The termination of Plaintiff was also in violation of an express contract in Defendant's manuals or handbooks that Defendant would not discriminate on the basis of race or gender, that Defendant would treat all employees fair and equally, that employees would have equal opportunity for career growth and employment and that Defendant would address all employee-related problems in a fair, equitable and non-discriminatory manner.

65.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

66.     All conditions precedent necessary for Plaintiff to recover for Defendant's breach of contract have occurred, have been performed or have been waived.

### COUNT VIII.
### BREACH OF IMPLIED CONTRACT

67.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated in their entirety.

68.     The termination of Plaintiff by Defendant was based on his race and/or gender.

69.     The termination of Plaintiff was also in violation of an implied contract in Defendant's manuals or handbooks that Defendant would not discriminate on the basis of race or gender, that Defendant would treat all employees fair and equally, that employees would have equal opportunity for career growth and employment and that Defendant would address all employee-related problems in a fair, equitable and non-discriminatory manner.

70.     The termination of Plaintiff was in further violation of an implied contract by way of Defendant's failure to treat Plaintiff in a fair, equitable and nondiscriminatory manner regarding his race and gender and his termination from employment.  The implied nature of the contract is based on Defendant's conduct in treatment of otherwise employees throughout the period within which Plaintiff was employed by Defendant.

71.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

72.     All conditions precedent necessary for Plaintiff to recover for Defendant's breach of contract have occurred, have been performed or have been waived.

## COUNT IX.
## MISREPRESENTATION

73.     The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully and reiterated otherwise in their entirety.

74.     Plaintiff substantially relied on the representations made by Defendant regarding him having an opportunity to have a fair and impartial hearing.

75.     Defendant intentionally misrepresented to Plaintiff that it would provide him with an opportunity to have a fair and impartial hearing to dispute his wrongful termination.

76.     Said intentional misrepresentations on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

## COUNT IX
## DEFAMATION

77.     The allegations contained in all preceding paragraphs are incorporated otherwise as if set forth fully and reiterated otherwise in their entirety.

78.     The statements made by Defendant regarding Plaintiff's alleged "inappropriate conduct," including allegations of "sexual harassment", and the cause for his termination were false and maliciously made.

79.     Defendant publicized such statements to employees and officers of the Defendant, among others, upon information and belief.

80.     Such statements were intended to, and did, impugn Plaintiff's personal and professional reputation.

81.     As a result of such slander by Defendant, Plaintiff suffered damages to his reputation, shame, embarrassment, humiliation, and severe emotional distress.

## COUNT X
## PROMISSORY ESTOPPEL

82.     The allegations contained in all preceding paragraphs are incorporated otherwise as if set forth fully and reiterated otherwise in their entirety.

83.     Defendant's actions as described above constitute breach of agreements with Plaintiff that he would allowed to work with Defendant as long as his work was satisfactory. Defendant's termination of Plaintiff prohibited his from fulfilling the promises exchanged between Defendant and Plaintiff.  Accordingly, Defendant should be estopped from terminating the promises it made.

84.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future

benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

## COUNT XI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated otherwise in their entirety.

86.     Defendant's foregoing conduct negligently and carelessly inflicted emotional distress upon Plaintiff.

87.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

## COUNT XII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated otherwise in their entirety.

89.     Defendant's foregoing actions were extreme and outrageous, were intentional, and caused Plaintiff emotional distress.

90.     Said actions on the part of Defendant caused Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, and severe emotional distress.

## COUNT XIII.
## ACTUAL DAMAGES AND SPECIAL DAMAGES

91.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated otherwise in their entirety.

92.     Plaintiff pleads pre and post judgment interest at the maximum allowable rate. Plaintiff is entitled to actual damages, back pay, front pay, out of pocket expenses, loss of benefits, consequential damages, damage to his reputation past and future, lost and future wages, lost and future wage earning capacity, reasonable and necessary attorney's fees, and exemplary damages.  Plaintiff pleads for the recovery of his taxable court costs.  Each of these acts and omissions of Defendant, singularly, collectively and/or disjunctively were each and all a proximate cause of the damages sustained by Plaintiff.

## COUNT XIV.
## ATTORNEYS FEES

93.     The allegations contained in all preceding paragraphs are incorporated as if set forth fully and reiterated otherwise in their entirety.

94.     As a result of the actions of the Defendant, it was necessary for Plaintiff to employ counsel to conduct this litigation. Plaintiff is entitled to recover a sum equal to all reasonable attorneys' fees incurred in prosecuting this lawsuit, as well as all post-judgment proceedings and appellate proceedings as allowed by 42 U. S. C. §1988 and otherwise state and federal statutes providing for recovery of attorneys fees.

## JURY DEMAND

95.     Plaintiff realleges and incorporates by reference the above factual allegation paragraphs.

96.     Plaintiff requests trial by jury of the issues in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final hearing she obtains judgment of the following in his favor:

1.     Injunctive relief, including, but not limited to, reinstatement, back pay, and cleansing of any records held or generated by Defendant that contain discipline against Plaintiff.

2.     That Defendant be directed to re-employ Plaintiff in a position and department equivalent to or more desirable than the location where Plaintiff was last employed;

3.     Actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

4.     Actual damages for breach of contract;

5.     Damages for promissory estoppel;

6.     Damages as a result of Defendant's misrepresentation;

7.     Damages as a result of Defendant's defamation;

8.     Compensatory damages for mental anguish, emotional distress, physical pain and anguish, all in the past and which will in all reasonable probability occur in the future;

9.     Punitive damages;

10.    Attorneys' fees;

11.    Pre-judgment and post-judgment interest;

12.    Costs of court; and

13.    All other relief to which Plaintiff is entitled at law and in equity.

Respectfully submitted,

DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
Email: dwashington@dwashlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

**(Notice of Right to File Lawsuit)**

EEOC Form 161 (11/09)            U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Hilton Jackson<br>740 Port Richmond Way<br>Arlington, TX 76018 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 450-2010-04191 | Sandra C. Taylor,<br>Investigator | | (214) 253-2877 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Sandra Taylor for*                                           9-3-10

Enclosures(s)                         Michael C. Fetzer,                      (Date Mailed)
                                              Director

cc:      UT SOUTHWESTERN MEDICAL CENTER
         Attn: Vernon Mullin, Assistant VP, EEO
         5323 Harry Hines Blvd.
         Dallas, TX 75390
         Mail Code 8892

# EXHIBIT B

**(August 27, 2010 Intent to Terminate Letter)**



**UT SOUTHWESTERN**
MEDICAL CENTER

August 26, 2010

Department of Ophthalmology

**Via Courier and First Class Mail**

Hilton Jackson
Reimbursement Manager
740 Port Richmond Way
Arlington, Texas 76018

RE:     Intent to Terminate Employment: Inappropriate Conduct

Dear Mr. Jackson:

This letter is my formal notification that I intend to request termination of your employment as Reimbursement Manager in the Department of Ophthalmology at UT Southwestern Medical Center. This action is warranted because of your inappropriate conduct. You are in violation of UT Southwestern policy and employee conduct standards as outlined in *UT Southwestern Human Resources Policy Memorandum 6.020 excerpt (Exhibit A, copy* attached).

The facts supporting my decision to request termination of your employment are:

- **Inappropriate Conduct**

   As a manager with supervisory responsibilities, you are held to a high standard of appropriate behavior with regard to your subordinates. Supervisors are expected to demonstrate courtesy and respect toward employees at all times in their role as representatives of UT Southwestern leadership. It is generally inappropriate for supervisors to touch their employees in familiar ways in the workplace or to speak with them in ways that are too familiar or overly casual.

   On August 6, 2010, Lela (Terri) Whitehead, Billing Specialist, reported to me that you have been demonstrating inappropriate conduct toward her, including unwanted touching and making unsolicited inappropriate remarks. She specifically cited incidents in the workplace during the time span of March 2009 through August 2010 when you have repeatedly demonstrated these unacceptable behaviors.

   Ms. Whitehead said that at various times you have poked her in the side, touched her hair, patted her shoulder, rubbed her hands, and asked her for a hug or kiss. The latest incident occurred on July 30, 2010, when you stood so close to her while she was sitting at her desk that your pelvic area was in proximity to her face that she found highly uncomfortable.

   An investigation by the Office of Equal Opportunity corroborated that other employees, including Angela Smith, Billing Specialist, and Teresa Grant, Billing Coordinator, have also experienced similar issues regarding inappropriate touching and remarks. Ms. Smith stated that she has asked you on several occasions not to touch her. She said that since her employment in September 2009, you have pinched her on the arm and touched her on the back. On May 25, 2010, you asked Ms. Smith if she "needed a hug."

   Ms. Grant reported that after saying she was going to a Father's Day sale to get something for her father, you said, "What about me?" When she said, "You're not my Daddy," you replied, "You can call me Daddy."

Intent to Terminate – HR 9/08

I regret the necessity to take this action; however, your behavior falls below required standards and detrimentally affects the department's ability to carry out its responsibilities.

Before I proceed with the termination of your employment, you have an opportunity to respond in writing if any of the aforementioned facts are incorrect or if there is any reason your employment should not be terminated. If you wish to respond, you must submit your written response to me no later than 4:00 p.m. on August 27, 2010. If I do not receive your written response by that time, I will assume that you do not wish to respond and will proceed to terminate your employment at the close of business on that date.

Sincerely,

Cheryl Formes

Cheryl Formes
Manager

xc:   Office of Human Resources
          Employee Relations Division
          Employee Personnel File

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hilton Jackson

**DEFENDANTS**
UT Southwestern Health System a/k/a University of Texas
Southwestern Medical Center at Dallas

**(b)** County of Residence of First Listed Plaintiff    Tarrant County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Dallas County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Daryl K. Washington, 325 N. St. Paul Street, Ste 1975,
Dallas, Texas 75201 (214)880-4883

Attorneys (If Known)

RECEIVED
DEC - 2 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-10CV2452-P

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause:
Wrongful employment termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
       PENDING OR CLOSED:
(See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE   12/2/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____